

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 21, 1974

The Honorable John F. Boff,
Executive Director
Texas Board of Examiners in the Fitting
  & Dispensing of Hearing Aids
1212 Guadalupe, Room 105
Austin, Texas 78701

Opinion No. H- 375

Re: Whether name of city
with words "Hearing Aid
Center" or similar words
is misleading advertising
under Article 4566-1.10,(10),
V. T. C. S.

Dear Mr. Boff:

Citing Article 4566-1.10 (10), V. T. C. S., and Rule 10 of the Federal
Trade Commission's Trade Practice Rules for the Hearing Aid Industry,
you have asked:

> Does the name of the commercial establishments,
> "Austin Hearing Aid Center," or "San Antonio
> Hearing Aid Service" comply with said Rule and
> Article?

Article 4566-1.10 is a part of the law adopted in 1969 to regulate
the hearing aid industry (Acts 1969, 61st Leg., Ch. 366, p. 1122). The
Act calls for the creation of the Texas Board of Examiners in the Fitting
and Dispensing of Hearing Aids (Article 4566-1.02) and charges it with
the duty of enforcing the Act (Article 4566-1.04) including its licensing
provisions. Article 4566-1.10, V. T. C. S., lists the grounds upon which
the Board may refuse to license an applicant or revoke the license of a
licensee. One such reason is found in subparagraph (10):

> (10) The licensee knowingly used or caused or promoted
> the use of any advertising matter, promotional literature,
> guarantees, warranty, disseminated or published with

misleading, deceiving or false information. It is
the intention of the Legislature that the provisions ·
of this Subsection (10) and the following Subsection
(11) be interpreted insofar as possible to coincide
with the orders and rules of the Federal Trade
Commission on such subjects.

Rule 10 of the Federal Trade Commission Trade Practice Rules
for the Hearing Aid Industry was promulgated July 20, 1965 and is quoted
as follows:

It is an unfair trade practice for an industry member
to represent directly or by implication, that a commer-
cial hearing aid establishment is a governmental or
public one, or is a nonprofit medical, educational, or
research institution, though the use of terms having a
medical, professional, or scientific connotation, such
as, "Hearing Center," "Hearing Institute," "Hearing
Bureau," "Hearing Clinic," "State's Speech and
Hearing Center," or similar representations.

Nothing in this rule is understood to preclude an
industry member from representing if such be the
fact, that he owns, operates, or controls a "Hearing
Aid Center," or from using other words or expressions
which clearly and nondeceptively identify the member's
establishment as a commercial hearing aid enterprise.

Article 4566-1.11, V. T. C. S., establishes the procedure for revoca-
tion or suspension of a license. It calls for charges to be filed under oath.
Applicants or licensees are entitled to be present and to be represented by
counsel. They may cross-examine witnesses and call witnessess of their
own.

(e) The Board shall determine the charges upon their
merits. The Board shall enter an order in the
permanent records of the Board setting forth the

findings of fact and law of the Board and its action thereon. A copy of such order of the Board shall be mailed to such applicant or licensee to his last known address by certified mail.

We cannot say that as a matter of law, the use of the name of a city in the name of a business dispensing hearing aids is misleading or deceiving. Whether it is will depend upon the facts of a particular case. The Board is charged with the responsibility of making that decision after notice and an opportunity to be heard.

## SUMMARY

Article 4566-1.10 gives the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids power to determine, after notice and hearing, whether the use of a city name with the words "Hearing Aid Center" is deceptive or misleading as a matter of fact.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg